## CRANE & ORDWAY CO. v. JONES et al.

In an action for the price of materials for a heating plant, the admission of an instrument purporting to be a memorandum of the terms of sale of materials for a heating plant made by the soliciting agent of the seller, but not signed by the buyer, who had no knowledge of the contents thereof, was reversible error.

(Opinion filed, August 29, 1907.)

Appeal from Circuit Court, Grant County. Hon. J. H. Mc-Coy, Judge.

Action by the Crane & Ordway Company against H. E. Jones and another. From a judgment for plaintiff and from an order denying a new trial, defendants appeal. Reversed.

*Thomas L. Bouck* and *Raymond L. Dillman,* for appellants. *Hanten & Loucks,* for respondent.

CORSON, J. This action was instituted by the plaintiff to recover from the defendants the sum of $391.32, claimed to be due it for material furnished for a hot-water heating plant alleged to have been sold by it to the defendants. Verdict and judgment being in favor of the plaintiff, the defendants have appealed.

The defendants by their answer denied the allegations of the complainant, and alleged in substance, by way of defense and counterclaim, that the plaintiff entered into a contract with them to furn-

ish and set up a complete heating plant with boiler and radiators of sufficient capacity to comfortably warm their building in the town of Revillo, and used as a hardware store and bank, during the coldest weather, and fully warranted the same to be perfect and complete in all respects, and that it should be satisfactory to the defendants. Defendants further alleged that plaintiff failed to fullfill the terms of its contract, and that said heating plant was wholly insufficient and inadequate to heat said building to a comfortable degree. or at all during cold weather, that it wholly failed to cary out said warranty or to heat said building to the satisfaction of the defendants or at all, and that by reason of the failure of the plaintiff to carry out said contract in accordance with the terms of said agreement, the defendants were damaged in the sum of $399, for which they demanded judgment. It will thus be seen that the claim of the plaintiff is for the value of the material furnished by it for a heating plant, while the claim of the defendants is based upon an alleged contract to install a heating plant under a special contract to fully complete the same with covenants of warranty. The evidence in the case was sharply conflicting, but the jury seems to have adopted the plaintiff's theory by finding a verdict in its favor. Numerous errors are assigned; but, in the view we take of the case, it will only be necessary to consider the admission of exhibit No. 4, purporting to be a memorandum of the terms of sale of the material for a heating plant by the plaintiff to the defendants. It was shown to have been made by a soliciting agent of the plaintiff, and to have been delivered by him to the plaintiff's general agent. There was no evidence proving or tending to prove that this memorandum or statement made by the plaintiff's agent was signed by either of the defendants, or that either of the defendants had any knowledge of the contents. The soliciting agent, Taplin was neither called as a witness, nor was his deposition taken in the case. The general agent did not claim to have any knowledge of the transaction or contract between Taplin and the defendants, except as to the statements made to him by Taplin. The material parts of the exhibit are as follows:

Exhibit 4.

This order taken subject to acceptance and approval by Crane & Ordway Co.

Crane & Ordway Co., Watertown, S. D.

Date of order, 8-8-3. * * * Salesman, Taplin, No. 104. Sold to H. E. & A. D. Jones. Town, Revillo. * * * Ship to same. Ship by M. & St. L.

Quantity Ordered.                              Description and Articles.

1 A-241 Ideal Premier Boiler, one opening plugged, 50-10 44Std., 3-col. Water Rad.

2 Rad., 72-ft.   Tap 1½

2 Rad., 78-ft.   Tap 1½

2 Rad., 90-ft.   Tap 1½

1 Rad., 80-ft.   Tap 1½

18-inch Stand, 4-col.   Water Rad.

1 Rad., 81-ft.   Tap 1½

40-10-5.

F. O. B. Mpls., $260.50.

(Copy of Original Order.)

This order taken subject to acceptance and approval by Crane & Ordway Co.

Crane & Ordway Co., Watertown, S. D.

(Following this was what purports to be an order for pipes and other material for a heating plant from the Watertown office. This memorandum was admitted in evidence over objections properly made by the defenants and exception duly taken.)

It is contended by the defendants that the admission of this exhibit or memorandum was error, for which a new trial should be granted. We are of the opinion that the defendants are right in their contention. No rule of evidence has been called to our attention under which this memorandum could be admitted. As will be observed, the memorandum is an important document, and must necessarily have influenced the jury in determining the weight to be given to the evidence, as between the plaintiff and defendants. This memorandum may have been and probably was taken by the jury as constituting the order upon which the sale was made. We are unable to say that the verdict of the jury was not influenced by this memorandum, and the admission of the same was clearly error, for which a new trial should be granted. As the other questions discussed by counsel may not arise on another trial, we do not deem it necessary to express any opinion upon them on this appeal.

The judgment of the circuit court and order denying a new trial are reversed.